Q’Neall, J.
delivered the opinion of the Court.
Two questions will be considered in this case. 1st did Sarah Bates shew such facts as would have been sufficient to have presumed a deed from Jackson to her deceased husband? 2d. Was Nelson’s possession of five years before 1806, adverse to the co-tenants of Bonrdeaux ?
1. There seems to have been a continuous possession under Nelson’s title from ’99. The defendant and her husband have had an actual pedis possessio of part of the 200 acres tract, claiming the whole of it, from 1819, nearly thirty years before the trial. Twenty years would have presumed a grant, if none had ever been issued ; much more will it presume a
itno2teHChew’s ’200. ’
deed, or other intermediate conveyances. In *Stockdale v. Young this very point was ruled. I am therefore satisfied, that she, as the widow and distributee of her husband, with' his children, who were in possession with her, had the title of Jackson, and of course of Nelson. Simmons v. Parsons, Williams v. McAlily. With this presumption, Milledge the infant has nothing to do. It takes nothing from him; operates against Jackson, who last was seized of the land in *502 dispute. It is very true, that if lapse of time be set up against an infant, it cannot have any effect until he be of full age.
2.Much of the learning displayed in the argument of the question, as to ouster, is unnecessary to be adverted to, in the decision. That Bourdeaux was tenant in common with Smith and Muckelrath of the large grant, of which the land in dispute was part, is true ; that each tenant in common has the right to the possession of the whole or part of the land, *503 is also true. But it by no means follows, that a purchaser from one of the co-tenants (Bourdeaux) of a part of the tract, t without reference to the title of the other co-tenants, would necessarily. become tenant in common, so as to prevent him from perfecting his title by adverse possession, under our Act of limitations. To constitute an adverse possession, it is only necessary it should be held as “one’s own.” This was ruled by the Court of Appeals in Simmons v. Parsons, and *504 in Summer v. Murphy. The deed, contract, or plat under which possession is acquired, constitutes Color of title, and J defines or “shews the extent of the occupant’s claim.” Look at this case in this point of view, and there can be no difficulty about it. Nelson was in possession ; it is manifest he claimed it as his own, for that is the character of the plat and deed of Bourdeaux : his possession was, therefore, adverse, and it follows, that the color of title shewing that that *505 possession had constructive effect over the two hundred acres, gave to him a perfect title to the whole, by five years posses-1 sion before 1806. But it is said Smith and Muckelrath could not sue him. Why not? he claimed to hold as his own, and against them, and this would be, for every such purpose, an ouster. It is very true, that they could only have recovered two-thirds, if they could, have recovered at all. For it might very well be. that Bourdeaux having conveyed less than his *506 interest, his title to Nelson would be sustained. But be that as it may, and I know the proposition is not free from diffi- ' culties, yet, certainly, if a tenant, after notice of holding in his own right, or a purchaser under a parol agreement, or a child under a parol gift, may set up an actual pedis possessio for the statutory period, as a title, much more can one buying absolutely and unreservedly from one of three tenants in common, without any reference to the title of the other two, *507 do so.- Willison v. Watkins, 3 Pet. 49; Simmons v. Parsons, 2 Hill, 292, note; Roberts v. Roberts, 2 McC. 268; Summer v. Murph, 2 Hill, 488; McElwee v. Martin, 2 Hill, 496.
2 Hill, 292, note.
2 Hill, 488.
*507 These views on the two questions discussed, shew that the title was in the defendant, and that the plaintiff had. none. It is, therefore, unnecessary to decide the question, whether an infant is entitled to 10 years, after he attains to full age, under the Act of 1824, to bring his action for the recovery of land, in the possession of the defendant, or is confined to five years under the Act of `88. This interesting and important *508 question is reserved for further argument and consideration, in the case of Hill and wife v. Connerly.
The motion for new trial is granted.
Richardson, J. — Evans, J. — Wardlaw, J. — and Frost, J.- — -concurred.

Motion granted.

When this case was decided, theCourt of Appeals was a distinct tribunal consisting of three judges. distinct tribunal consisting of three judges.

John Stockdale v. Jonathan Young.
In trespass to try tiñe, held, that the acquisition of title by defendant since the last continuance of the case, could not operate to prevent the recovery of the damages to which plaintiff might be entitled, although it might bar as to the recovery of the land, and that, therefore, it was unnecessary to plead defendant’s deed puis darrien co'rdimiamee, but that it might be given in evidence under the general issue.
Nothing need be pleaded puis darrien continuance, but that which will operate as an abatement, or in bar of the plaintiff’s action.
Where the fee is in issue, the continued and uninterrupted possession of the land for at least twenty years, is necessary to raise the legal presumption of a deed.
Where a party undertakes to shew that, in point of fact, a deed did exist, he must first prove such circumstances as will evidence the belief of its existence, next, the loss or destruction, and then the contents.
Where, in trespass to try titles, the defendant, pendente lite, bought at sheriff’s sale, under executions against the plaintiff, the land in dispute, it was held that plaintiff was entitled to such damages as he had sustained before the sale by the sheriff.
Argited before the Court of Appeals, May Term, 1830;
This was an action of trespass to try title to a tract of land, in Fairfield District, on Hill’s creek, of Little river.
The plaintiff claimed under a grant to George Evans, dated 23d December, 1771, and a deed dated 8th February, 1818, from George Evans and Harriet 0. O’Driscoll, the children of George Evans, the son of the grantee, which was recorded, and produced and proved the same. The grantee died before the revolutionary war; his eldest son, George Evans the 2d. died in March, 1792, leaving two infant children, of whom the youngest was then four years old. This action was commenced 10th March, 1823. The plaintiff produced also in evidence, the record of a former suit of John Stockdale against Hugh Young, under whom the present defendant claims; writ lodged 27th February, 1818, and discontinued April Court, 1822, for the same land. Plaintiff offered also a grant to himself, dated 4th of October, 1813.
The defendant relied upon the presumption of a deed from George Evans, the grantee, to John Rutledge. He proved possession by persons claiming as tenants of John Rutledge, in August, *502 1788 ; that the land had been surveyed between twenty and thirty years ago for J. Rutledge, and that the corner trees had cut upon them G-. E. and J. R ; old marks. He proved by a witness that he had once seen a deed from George Evans to J ohn Rutledge, but said he did not know the handwriting either of the grantor or the subscribing witnesses; the names of the witnesses were proved, but their absence was not accounted for. This proof was objected to, but was received There was no proof that any such deed had ever been recorded.
The defendant also offered a deed from the sheriff of Fairfield district, to himself, for this land, dated 11th of April, 1825, since the commencement of this suit; the admissibility of this deed was contested, but it was received by the Court. The execution under which the land was sold, was produced. A levy had been made upon another tract of land, and endorsed upon the execution, but it was erased. The sheriff, being called upon by the defendant, proved that the alteration of the levy was made at the instance of the defendant, in his office, but before sale or advertisement. The land was sold under an execution of Hugh Young v. John Stock-dale, for costs, and was bid off by the present defendant, his son, for one hundred and sixty dollars. It was worth six thousand dollars. At the date of the levy, the present plaintiff resided upon a tract two or three miles from the land sold.
The jury found a verdict for defendant.
The plaintiff moved 'for a new trial.
1. Because the defendant was permitted to introduce a deed from the late sheriff to himself, executed pendente lite, and that without pleading it puis darrein continuance.
2. Because that deed was void; being founded on an endorsement of a levy on the executions under which the land was sold, which levy was never made; and this was not only known to the defendant, but was the result of his instructions. Besides, a levy on another tract of land had been made and marked on the executions, which had not been disposed of, but was obliterated at the instance of the defendant, to make room to endorse a levy of the land in dispute.
3. Because the said deed was either void, or, under the decision of Romedy and Moore, and other authorities, the defendant held under the plaintiff, and was bound to admit his title good up to the sheriff’s sale: and the plaintiff, of course, was entitled to a verdict for damages up to that time.
4. Because the court erred in allowing the evidence of Minor *503 Winn and Andrew McDowell, to prove that there existed a deed from George Evans to John Rutledge, and that they had seen it. Under the case of Hill v. Hill, the subscribing witnesses alone could prove that; especially as their names were given, and there was no proof of their being dead. There was no proof of due search for, or loss of the deed; and no office copy given. At all events, Winn and M’Dowell ought to have proved the signatures to the deed.
5. Because Rutledge’s possession commenced in August, 1788; and no presumption of a deed to him could arise before that time.
Before that time the grantee had died. George Evans, the second, died in March, 1792, leaving two infant children, the youngest of whom was then 4 years old. The four years possession (from 1788 to 1792) during the life of George Evans, the second, was not only insufficient to presume a deed from him, but to bar him by the statute of limitations; and after his death, no deed could be presumed until 1809, his heirs being infants until that time, and incapable of making one; and it would be absurd to presume a deed from persons incapable of milking one.
6. Because the pc-session of Rutledge and his tenants was not sufficient to raise the presumption of a deed to him; nor could all the circumstances put together, raise such a presumption.
7. Because the defendant had not pleaded liberum tenementum, in Hugh Young, or any one else, or a license from them to enter; and could not protect himself by their title, even if they had one.
8. Because the plaintiff was not barred by the statute of limitations, nor was the defendant entitled to its benefit, if he was, not having pleaded that statute.
9. If there was a deed from Evans to Rutledge, it must be postponed to that from Evans’ heirs to plaintiff, not having been recorded.
JDeSaussure, plaintiff's attorney, for the motion.
Clarice, contra.
Colcock, J. — delivered the opinion of the Court.
It is much to be regretted that this case, which has been pending for so many years, should be again sent back to the jury. But the parties are so constantly shifting their grounds of attack and de-fence, that a new case is presented on every appeal. I shall consider the grounds in the order in which they are taken in the brief.
Tho’ most of them require but little consideration.
On the first, I lay it down as a rule, that nothing need be pleaded “puis da/rrien contitmance," but that which will operate as an abate- *504 menfc or in bar of the plaintiff’s action — now in our action of trespass to try title, which has been substituted for the old form by ejectment, the plaintiff is permitted to recover mesne profits, as well as the land itself. The acquisition of his title by the defendant since the last continuance, could not operate to prevent a recovery for the damages, although it might bar a recovery as to the land ; it seems to me, therefore, that there was no necessity to plead the deed from the sheriff, as matter arising since the last continuance, but that it may be given in evidence under the general issue.
On the second ground, it is sufficient to say, that it is not supported by the facts as reported, and as they appear on the execution. A levy was made on the land sold, and the measure implied nothing fraudulent or illegal.
On the third ground, the case must go back; for admitting that the defendant now'possesses the right of the plaintiff to the land, and for any objections which have been made to the sheriff’s deed on this argument, or in the grounds taken, he certainly doés ; yet the plaintiff may be entitled to damages for the time during which the defendant held in opposition to that title; and the fourth ground leads to the consideration of the defendant’s title.
It is of the first importance that the rules of evidence Should be clearly defined, well understood, and correctly applied. Now, in supplying the place of a lost deed, or that of one which never existed, to complete a title, there are two distinct rules which are oftentimes most strangely confounded. Presumptions may supply the place of positive proof — there are two kinds of presumptions. The one may be called a legal presumption, the other a presumption of fact. The first is wholly unconnected with the idea of belief — in fact, it is opposed to it. It is a mere rule of law to supply those defects of our nature and the nature of things, which cannot otherwise be guarded against — under this rule the party must rely on a long-continued and uninterrupted possession. The rule invests such possession with the title. I am never led to the consideration of this subject, but my mind involuntarily recurs to the peculiarly happy and lucid exposition of the rule by Lord Chancellor Erskine; in the case 12 Vesey, 266-7, he observes, that it has been said, you cannot presume unless you believe. “ But it is because there are ho . means of creating belief or disbelief, that such general presumptions are raised, upon subjects of which there is no record or written muniment. Therefore, upon the weakness and infirmity Of all human tribunals, judging of matters of antiquity, instead of belief, (which must be the formation of the judgment upon a recent transaction,) where the circumstances are incapable of forming any thing like belief, *505 the legal presumption holds the place of particular and individual belief. Mankind, from the infirmity and necessity of their situation, must, for the preservation of their property and rights, have recourse to some general principle to take the place of individual and specific belief; which can hold only as to matters within our own time, upon which a conclusion can be formed from particular and individual knowledge.”
The possession must be at least 20 years, which is necessary to raise this legal presumption. Where the fee is in issue, a less time has been held sufficient, where the freehold was not in question, under what is called, in reference to particular cases, a license to enter; but these are not cases within the first rule. The second is the rule in relation to the presumption of facts; where the party undertakes to shew that in point of fact a deed did exist, there he must first prove such circumstances as will evidence the belief of its existence — next the loss or destruction, and lastly the contents. Now, taking these rules as our guide, let us examine whether the defendant supported his title under Éutledge. The possession relied on, cannot be said to have commenced before 1788; for the mere act of running the land, though considered for some purposes as a possession or entry, cannot, when not followed up with an actual pedis possessio, avail anything in making up the 20 years — and though the possession was proved satisfactorily enough as to much of the time afterwards, yet there is not very clear evidence of continued and uninterrupted possession, which is necessary to raise the legal presumption. Here it may be proper to remark, that we are induced to express our opinions on the various grounds taken, that we may thereby enable the parties to put an end to this litigation by the next trial. When, therefore, the case goes back, if further proof can be made on the subject of possession, or in relation to the existence and loss of the deed, it may of course bring the case within the rules laid down by the court, and if in other respects the difficulties on either side be removed, the case may terminate differently from what the court now supposes must be the result.
■ See 1 Phillips,
The defendant, then, did not supply the want of his deed under the first rule, as to presumption.
Now, what was the proof under the second rule? a deed was seen for this land, signed by one Evans; was supposed to be the deed of the grantor, being with the other papers relating to the title— thus far, the circumstances were very strong and satisfactory, but then one of the witnesses who testified to having seen the deed, spoke of the subscribing witnesses as persons who were known to have lived in this State — the sister of the grantee and Mr. Oliver *506 Cromwell, and no account is given of them, nor any evidence to satisfy the mind whether they he dead or alive. Next, as to the loss — after sufficient proof of the existence, the slightest evidence of loss is sufficient, for although it is easy to ascertain that one has lost his deed, it is oftentimes very difficult to tell how the loss occurred. Sometimes a house is burnt, and it is known that certain papers were in it; a vessel lost at sea, with one on board who has in his possession all his papers; in these and such like cases, it is very easy to prove how the loss happened, but in general it is difficult, from the very nature of things, to perceive how a loss happens, and I am therefore satisfied with the evidence on that point. But when proved, it still remains to prove the contents; and as to this point, it may be said there was no proof, for although there are cases in which the fact of possession, short of 20 years, will aid in the proof of the contents of the deed, this is not one of them; those are cases in which proof is given that there was an undertaking or a duty to make a deed, as where the party in possession is entitled to the deed under a contract or a trust; as in Stoutenborough and others v. Marcy, an agreement for the sale and conveyance of a piece of land, dated in 1689, was produced in evidence; the jury were allowed in 1809 to presume a conveyance pursuant to the agreement; or where one is entitled to a conveyance under a will, and he and his heirs have been 50 years in possession, as in Van Dyck v. Van Berrien; or where trustees were directed to convey to the cestuique trust, upon his attaining the age of 21, it was held that the cestuique trust being in possession only 4 years after he arrived at age, a presumption of a deed might arise, for it was the duty of the trustees to do so, and a court of equity would have compelled them if they refused; and here it is proper to remark, the possession alone is not the predicate of the presumption, but that, taken in connection with the previous fact as to his right to the conveyance, and the nature and extent of the conveyance, it completes the proof. The possession in the case before us, may have been under a lease for years or life. There was nothing which would lead satisfactorily to a conclusion as to the extent of interest conveyed, but I should not be surprised if satisfactory proof could yet be obtained, for it was the practice of those older times to record every paper which related to land.
7 Johnson, 5.
1 Cain. 64.
As to the fifth ground, it is only necessary to remark that the fact of the grantee’s having left a son, who died in 1792, leaving 2 infant children, could not affect the possession, as they neither entered nor claimed, nor in any wise rebut the presumption of a conveyance from the grantee. But if it furnishes a presumption of *507 any thing more than that neglect which is so common in the country, it would, rather raise a presumption of a knowledge that their ancestor had conveyed-hut that would he rehutted by the evidence of the younger Evans.
The sixthground has been sufficiently noticed in, my previous remarks.
The seventhimplies that it was necessary for the defendant to do that which the plaintiff had done for him---to prove that he entered under Hugh Young ; but if it should be said that the plaintiff only stated that the defendant claimed under Hugh Young, that, taken with his possession, would raise a strong presumption of the fact.
The eighth ground relateso the statute of limitations, which has not been relied on.
The ninth ground involvesthis proposition, that a possession of 20 years under a deed, would not be as good notice as recording-a proposition which I think carries on its face an obvious contradic- tion. If the recording of the junior title made by the two distribu- tees of the grantee was notice of a claim in one who was out of possession, I would say that, a fortiori, the long possession under the grantee, though occasionally interrupted, would be much better notice of claim by him who was in possession; but the question does not arise in the case, and this is a sufficient expression of the opinion of this Court, should it be further urged by the plaintiffs.
In the case of Weaver v. Ingram Judge Nott remarks, (in relation to the effect of such a deed from the sheriff of plaintiff's right, though not made to the defendant;) "that in any event the plaintiff would have been entitled to such damages as he bad sustained be- fore the sale by the sheriff."
I Nott & Mccord, 209.
If a term expires pending anaction, the party shall not have possession, but he may have damages; and that on that account, and to iessen the damages, the title was admissible, though in another,. The verdict therefore in this, is wrong, and the case must go back, and if no other evidence is produced, the plaintiff will be entitled to a verdict for his damages up to the time of the sale of his rights 1w the sheriff,
2 Bacon, 431, title ejectment F.
The motion is granted.
JOHNSoN, J.-and Evans, J.-concurred.*
Motion granted